J-S03007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY MICHAEL DARGIS | : | |
| | : | |
| Appellant | : | No. 1069 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 30, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001563-2019

BEFORE: OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 13, 2024**

Appellant, Jeffrey Michael Dargis, appeals from the judgment of sentence entered June 30, 2023. We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows.

> Appellant was arrested and charged for incidents on December 5, 2018, December 15, 2018, January 8, 2019, and January 31, 2019, where he sold illicit drugs to a confidential informant/undercover agent. After a jury trial on July 22, 2020, Appellant was convicted *in absentia* of . . . delivery of a controlled substance (fentanyl)[1] . . . for [the] sale that occurred on January 8, 2019[] and . . . delivery of a counterfeit substance[2] . . . for [the] sale that occurred on January 31, 2019.
>
> On February 16, 2021, the Honorable William Baldwin . . . sentenced Appellant to a minimum of [five] years and to a

_____

[1] 35 P.S. § 780-113)(a)(30).

[2] 35 P.S. § 780-113)(a)(30).

maximum of 10 years on each conviction, with the sentences to run consecutively. Appellant received an aggregate [term] of 10 to 20 year[s' incarceration] with time served credit of 35 days. [Appellant's judgment of sentence was affirmed by this Court on October 8, 2021. *See Commonwealth v. Dargis*, 2021 WL 4704810, *1 (Pa. Super. Oct. 8, 2021). Appellant did not seek further appellate review.]

Appellant filed a petition for post-conviction relief under the Pennsylvania Post-Conviction Relief Act (PCRA), 42 Pa.C.S.[A.] § 9541 *et seq*. on October 4, 2022.

\*\*\*

[In his PCRA petition,] Appellant [] asserted . . . that the [offense gravity score ("OGS")] for [his conviction for delivery of a counterfeit substance] was incorrectly calculated at [nine] and relied upon by Judge Baldwin, rather than the correct OGS of [six].[3] On December 30, 2022, at oral argument [on Appellant's PCRA petition,] the Commonwealth stipulated that [the trial court used incorrect sentencing guidelines in calculating the range of Appellant's sentence for delivery of a counterfeit substance] and conceded [that] the guideline range that should have been applied was 21 to 27 months, reflecting an [OGS] of [six].

The [PCRA c]ourt then heard testimony on [Appellant's PCRA petition's] sole remaining issue[, which claimed that] trial

---

[3] A PCRA petitioner may obtain relief if he demonstrates that the trial court imposed "a sentence greater than the lawful maximum," *i.e.*, issued an illegal sentence. 42 Pa.C.S.A. § 9543(a)(2)(vii). Our case law, however, firmly establishes that "[a] claim that the sentencing court used an incorrect OGS is a challenge to the **discretionary aspects** of one's sentence." *Commonwealth v. Williams*, 151 A.3d 621, 625 (Pa. Super. 2016) (emphasis added) (citation omitted); *see also Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1998) (*en banc*); *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012) (accord). In this instance, the PCRA court appears to have treated Appellant's claim as challenge to the legality of his sentence. Moreover, as will be discussed *infra*, the PCRA court denied and dismissed Appellant's PCRA petition but, ultimately, vacated Appellant's original sentence and subsequently resentenced him. This was error. Nonetheless, because the court already resentenced Appellant and Appellant's current challenge is waived on appeal, we will not disturb Appellant's new sentence.

counsel, Kent Watkins, Esquire, was ineffective for failing to pursue a sentencing entrapment defense. Appellant [then] requested to be resentenced on all counts, with the correct [OGS] for [his conviction for delivery of a counterfeit substance], and be allowed to raise the issue of sentencing entrapment at his re-sentencing hearing.

By order dated March 17, 2023, [the PCRA c]ourt denied and dismissed Appellant's PCRA petition with an accompanying opinion wherein [the court] determined that [Appellant's] sentencing entrapment argument lacked merit. For unknown reasons, [the PCRA court] did not immediately vacate Appellant's sentence or [schedule his resentencing] in accord with counsel's stipulation, as noted **supra**. However, on May 17, 2023, [the PCRA court] vacated Appellant's February 19, 2021 sentence and scheduled a new sentencing hearing for June 20, 2023. That hearing was subsequently continued to June 30, 2023, due to a conflict with the Pennsylvania Department of Corrections. [Re-sentencing] finally took place on June 30, 2023. Thomas Marsilio, Esquire[,] appeared on behalf of Appellant at this sentencing hearing and [the court] sentenced Appellant to [five] to 10 years confinement on [his conviction for delivery of a controlled substance (fentanyl)] and [a consecutive sentence of two] to [four] years confinement on [his conviction for delivery of a counterfeit substance.]

On July 27, 2023, Appellant, through appellate counsel, James G. Conville, Esquire, filed a notice of appeal . . . and a [Rule 1925(b) concise statement pursuant to court order] on August 14, 2023.

Trial Court Opinion, 8/25/23, at 1-3 (footnotes added) (footnotes, internal citations, and unnecessary capitalization omitted).

Appellant raises the following issue on appeal:

Whether the trial court erred by failing to recognize the concept of sentencing entrapment as a mitigating factor to be considered when imposing [Appellant's] sentence?

Appellant's Brief at 4.

Herein, Appellant challenges the discretionary aspects of his sentence.[4]
*See Commonwealth v. Kittrell*, 19 A.3d 532, 538-539 (Pa. Super. 2011)
(explaining that the appellant's claim that he was a victim of sentencing
entrapment constituted a challenge to the discretionary aspects of his
sentence). Therefore, to reach the merits of Appellant's discretionary
sentencing challenge, we must conduct a four-part analysis to determine

> (1) whether [A]ppellant has filed a timely notice of appeal, *see*
> Pa.R.A.P. 902 and 903; (2) whether the issue was properly
> preserved at sentencing or in a motion to reconsider and modify
> sentence, *see* Pa.R.Crim.P. 720; (3) whether [A]ppellant's brief
> has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether
> there is a substantial question that the sentence appealed from
> is not appropriate under the Sentencing Code, [*see*] 42
> Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations
omitted). "Only if the appeal satisfies [the aforementioned four-part test]
may we proceed to decide the substantive merits of Appellant's claim."
*Commonwealth v. Luketic*, 162 A.3d 1149, 1159-1160 (Pa. Super. 2017).

A review of the certified record reveals that Appellant failed to raise his
issue at resentencing on June 30, 2023. In addition, Appellant did not file a
post-sentence motion following the June 30, 2023 proceeding. As such,
Appellant failed to preserve this issue for our review. *See Kittrell*, 19 A.3d

---

[4] Because Appellant obtained PCRA relief in the form of resentencing, he may
lodge an appeal challenging the discretionary aspects of his sentence. *See
Commonwealth v. White*, 193 A.3d 977, 982 (Pa. Super. 2018) (addressing
the appellant's challenge to the discretionary aspects of his sentence after he
obtained relief under the PCRA in the form of resentencing).

at 538 ("[W]e note that '[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.'") (citation omitted). We are therefore constrained to conclude that Appellant's challenge is waived and precluded from addressing the merits of Appellant's claim.[5]

Judgment of sentence affirmed.

_____

[5] On July 28, 2023, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a timely concise statement, raising the following issues:

1. Whether the trial court abused its discretion by issuing an unduly harsh sentence considering the facts of the case?

2. Whether trial counsel was ineffective at trial and during [Appellant's] sentencing hearing?

Appellant's 1925(b) Concise Statement, 8/14/23, at 1. On appeal, Appellant claims that the trial court abused its discretion in failing to find that the Commonwealth, through an orchestrated scheme of "sentencing entrapment," manipulated the charges filed against Appellant so as to subject him to harsher penalties. **See** Appellant's Brief at 4 and 10. This issue is substantively different than those included in Appellant's 1925(b) statement and, therefore, is raised for the first time on appeal. In general, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."). Thus, for this additional reason, Appellant's challenge is waived.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/13/2024